```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| SHARRIK MOLLEY, | : | Civ. Action No. |
| | : | 10-5266 (NLH-JS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CFG HEALTH SYSTEMS, | : | |
| et al, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**
SHARRIK MOLLEY
189299
ATLANTIC COUNTY JUSTICE FACILITY
5060 ATLANTIC AVE
MAYS LANDING, NJ 08330
*Pro Se Plaintiff*

STEPHEN D. HOLTZMAN
HOLTZMAN & MCCLAIN, PC
524 MAPLE AVENUE
SUITE 200
LINWOOD, NJ 08221
*Attorney for Defendant CFG Health Systems*

**HILLMAN**, District Judge

      Before the Court are two motions filed by defendant CFG Health Systems("CFG"): 1) motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c); and 2) motion to dismiss for plaintiff's failure to advise of change of address pursuant to L.Civ.R. 10.1(a), and failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  For the reasons expressed below, defendant's motion for judgment on the pleadings will be granted, and its motion to dismiss will be denied as moot.

I.   **BACKGROUND**

On October 13, 2010, plaintiff filed a complaint stating that while an inmate at the Atlantic County Justice Facility he was not permitted to attend his appointments with his neurologist or be able to attend physical therapy sessions. Plaintiff also states that he did not receive his medication for high blood pressure or have access to a "cardiac diet." Plaintiff further states that he has been in extreme pain in his back, neck and left leg due to a automobile accident that occurred on June 15, 2010.  Plaintiff brought a claim for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

On September 7, 2011, defendant sent a notice of deposition to plaintiff at the Atlantic City Justice Center. When counsel for defendant contacted the Atlantic City Justice Center on October 20, 2011 to confirm the deposition, he was advised by Lt. Iulicci that plaintiff had been released on September 27, 2011.

Plaintiff has not updated his current address with the Court as required by Local Rule 10.1(a).  Defendant states that plaintiff has also failed to provide executed authorization forms to request medical records, and has failed to answer interrogatories and request for documents.

CFG filed a motion for judgment on the pleadings

2

pursuant to Fed.R.Civ.P. 12(c), and a motion to dismiss for plaintiff's failure to advise of change of address pursuant to L.Civ.R. 10.1(a), and failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Plaintiff filed no response to either motion. We first address defendant's motion for judgment on the pleadings. Because the Court will grant this motion, there is no need to address defendant's second motion.

## II. DISCUSSION

### A. Jurisdiction

Plaintiff alleged that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and, therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

### B. Standard for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed.R.Civ.P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Turbe, 938 F.2d at 428.

When considering a Rule 12(b)(6) motion (motion to dismiss a complaint for failure to state a claim upon which relief can be granted), a court must accept all well-pleaded

3

allegations in the complaint as true and view them in the light most favorable to the plaintiff. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662,  129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). The Third Circuit has instructed district courts to conducted a two-part analysis in deciding a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949). Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do

more than allege the plaintiff's entitlement to relief." Id. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' - 'that the pleader is entitled to relief.''" Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.")(quoting Twombly, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant has the burden of demonstrating that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Based on plaintiff's allegations in his complaint, it appears that he is alleging a claim that defendant was deliberately indifferent to his serious medical needs in

violation of his Eighth Amendment rights.

      **B.    Eighth Amendment Claim**

      The Eighth Amendment to the United States Constitution, applicable to state actors through the Fourteenth Amendment, prohibits state actors from inflicting "cruel and unusual punishment" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There is no dispute that CFG, a company under contract to provide medical services to prisoners, is considered a "state actor." See Christy v. Robinson, 216 F.Supp.2d 398, 412 n.26 (D.N.J. 2002).

      In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106. To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated,

would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837–38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation

7

omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." Monmouth County, 834 F.2d at 346 (citations omitted). "Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met." Id. "Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." Id.; compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions) with Sprull v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (a non-physician supervisor may be liable under § 1983 if he knew or had reason to know of inadequate medical care).

8

In support of his claim, plaintiff referenced the inmate grievance forms that he filed with the Atlantic City Justice Facility on September 29, 2010, September 25, 2010, and September 26, 2010.  Plaintiff also attached copies of the forms to his in forma pauperis application.  Plaintiff states on the forms that he is having pain and would like to see his neurologist and to attend physical therapy sessions, as well as receive his blood pressure medication and a "cardiac diet."

CFG does not dispute that plaintiff's medical needs are serious.  Rather CFG argues that plaintiff has not plead facts that could support a claim that it was deliberately indifferent to plaintiff's serious medical needs.  CFG argues that the grievance forms attached to plaintiff's complaint adequately address each of plaintiff's concerns. Specifically, the inmate grievance form dated September 25, 2010, includes the following entry by health services administrator Cheryl DuBose:

> 9/29/10 Reports obtained by me.  Dr. Hubbard reviewed reports.  On exam, you were evaluated and there is no clinical need for outside f/u.  Outside reports were reviewed.  No need for cane @ this point based on review.

The inmate grievance form dated September 26, 2010, includes the following entry by health services administrator Cheryl DuBose:

> 9/28/10 I/M seen and evaluated by Dr. Hubbard for above complaints.  Your primary care MD does not have you on B/P meds @ this time.

9

Plaintiff filed no response to CFG's motion.

Therefore, accepting all of the plaintiff's well-pleaded facts as true, the Court finds that the facts alleged in the complaint, and grievance forms attached to the complaint, do not show that the plaintiff has a "plausible claim for relief."  Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S. Ct. at 1950).  Plaintiff has not alleged facts that could raise a reasonable expectation that discovery will reveal evidence that CFG was deliberately indifferent to his serious medical needs. See Twombly, 550 U.S. at 556.  Although plaintiff has stated a serious medical need, he has not alleged facts that could show defendant was deliberately indifferent.  The facts show that defendant responded to his complaints as stated on the inmate grievance forms.  The comments by Ms. DuBose state that plaintiff was seen and evaluated by Dr. Hubbard and that there was no need for outside follow-up, and that plaintiff was not on blood pressure medication and did not need a cane.  Therefore, the facts show that plaintiff was evaluated by a medical professional and that his concerns were timely addressed.  See Pierce, 612 F.2d at 762 (concluding that courts will not attempt to second-guess the propriety or adequacy of a particular course of treatment).

The only complaint not specifically addressed was plaintiff's request for a "cardiac diet."  Although it is

possible that a special diet could constitute a serious medical need, plaintiff has not stated why he needed to be on that diet or what medical condition he has that would necessitate such a diet.  Accordingly, plaintiff has not plead sufficient facts in support of a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Therefore, defendant's motion for judgment on the pleadings will be granted.  Because the Court has granted defendant's motion for judgment on the pleadings, there is no need to address defendant's motion to dismiss.[1]

### III. CONCLUSION

Defendant CFG Health Systems' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) will be granted. Defendant's motion to dismiss for plaintiff's failure to advise of change of address pursuant to L.Civ.R. 10.1(a), and failure to prosecute pursuant to Fed.R.Civ.P. 41(b) shall be denied as moot.

                                             s/Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated:  April 3, 2012

---

[1] Also, because the Court ruled on the motion as to plaintiff's failure to state a claim, we do not address CFG's second argument that it cannot be vicariously liable.